IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE MID-ATLANTIC     :
REGIONAL COUNCIL OF CARPENTERS
PENSION FUND, et al.             :

    v.                           :   Civil Action No. DKC 25-2309

                                 :

MODERN ACCENT WALLS L.L.C.

                                 :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case brought under the Employee Retirement Income Security Act ("ERISA") is the motion for entry of partial default judgment and final judgment pursuant to Fed.R.Civ.P. 55(b)(2) and 54(b) filed by Plaintiffs Board of the Construction Industry Advancement Program ("CIAP"), Eastern Atlantic States Regional Council of Carpenters ("Council of Carpenters"), Trustees of the Carpenters Contractor Trust Fund ("CCT Fund"), Trustees of the Eastern Atlantic States Carpenters Technical Centers ("Training Fund"), Trustees of the Mid-Atlantic Regional Council of Carpenters Annuity Fund ("Annuity Fund"), Trustees of the Mid-Atlantic Regional Council of Carpenters Health Fund ("Health Fund"), Trustees of the Mid-Atlantic Regional Council of Carpenters Pension Fund ("Pension Fund"), and Trustees of the United Brotherhood of Carpenters International Training Center Fund ("ITC Fund") (collectively, "Plaintiffs"). (ECF No. 13). The issues

have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motion for entry of partial default judgment and final judgment will be granted.

## I.   Background[1]

This case stems from the relationship between associations representing carpenters and the companies that hire them.  The Pension Fund, Health Fund, Training Fund, and Annuity Fund are multimember employee benefit plans, or Benefit Funds, that are organized under ERISA.  (ECF No. 1 ¶¶ 1-4, 22).  The CIAP is "a program established pursuant to the terms of a Collective Bargaining Agreement covering work in the unionized carpentry industry."  (*Id.* ¶ 5).  The CCT Fund and ITC Fund are labor-management cooperation committees established and maintained according to their respective Trust Agreements.  (*Id.* ¶¶ 6-7).  The Council of Carpenters is an unincorporated labor organization, as defined in the Labor Management Relations Act ("LMRA").  (*Id.* ¶ 8).  Modern Accent Walls L.L.C. ("Defendant") is a Maryland limited liability company.  (*Id.* ¶ 9).  Plaintiffs identified Defendant's address as 9375 Chesapeake Street, Suite 205, La Plata,

---

[1] The facts herein are as alleged in the complaint or as provided in authentic documents integral to the complaint.

MD 20646, (*id.* at 2), and its Chief Executive Officer as Philip McPhail, (*id.*).

On August 9, 2024, Defendant signed a Short Form Collective Bargaining Agreement with the Council of Carpenters, thereby binding itself to "every applicable current collective bargaining agreement" between the Council of Carpenters and members of the contractor associations, as well as "[t]he Agreements and Declarations of Trust" governing "fringe benefit Funds." (ECF No. 13-4, at 82). One such collective bargaining agreement was the agreement between the Council of Carpenters and the Construction Contractor's Council. (ECF No. 1 ¶ 11). Defendant was therefore bound to that collective bargaining agreement and "accept[ed] the terms and provisions of the Agreement and Declaration of Trust of each of the Funds" above. (ECF No. 13-4, at 71 § 17.8).

Each Fund is governed by its own Agreement and Declaration of Trust ("Trust Agreement"). These Trust Agreements require employers, including Defendant, to make payments to their respective Funds as established in the Collective Bargaining Agreement. (*Id.* at 9 § 3(a), 15 § 4, 20 § 4, 25, 31 § 7.2, 38 § 1). The Trust Agreements of the Funds also require that employers submit to audits conducted by the trustees of the Funds to ensure their contributions are compliant with each respective collective

3

bargaining agreement.  (*Id.* at 9-10 § 4, 15 § 4, 20-21 § 4, 26 § 1, 32 § 7.4, 38 § 2).

Despite multiple requests by Plaintiffs to submit to an audit, Defendant "has repeatedly refused to cooperate in a payroll audit to be conducted by the certified public accounting firm of Calibre CPA Group, PLLC."  (ECF No. 1 ¶ 19).

On July 16, 2025, Plaintiffs filed a complaint against Defendant seeking the following relief across three counts: injunctive relief to compel a payroll audit (Count I), damages in the amount owed to Benefit Fund Plaintiffs (Count II), and damages for working assessments and other payments owed to non-ERISA Plaintiffs (Count III).  (*Id.* ¶¶ 15-32).

On July 17, 2025, a summons was issued to Defendant at its business address, 9375 Chesapeake Street.  (ECF No. 5).  Pursuant to the summons, Defendant had twenty-one days after service to respond to the lawsuit.  (*Id.*).  On July 29, 2025, a private process server served the summons and complaint on Wayne Fastnaught, Vice President of Modern Accent Walls L.L.C., at the address on the summons.  (ECF No. 7).

After Defendant failed to respond to Plaintiffs' complaint within the prescribed twenty-one days, Plaintiffs filed a motion for clerk's entry of default on August 21, 2025.  (ECF No. 9).  A copy of that motion was mailed to Defendant at 9375 Chesapeake

4

Street.  (ECF No. 9-3).  On October 28, 2025, the clerk entered an Order of Default against Defendant.  (ECF No. 10).  The clerk mailed a Notice of Default on that same date, stating that Defendant had thirty days to file a motion to vacate the order.  (ECF No. 11).  That notice was returned as undeliverable on December 31, 2025.  (ECF No. 12).  On February 17, 2026, the clerk remailed the Order Entering Default and Notice of Default to Mr. McPhail at 9375 Chesapeake Street.  This mail was returned as undeliverable on March 4, 2026.  (ECF No. 15).  On March 25 and 26, 2026, the clerk remailed the Order Entering Default and Notice of Default to Mr. McPhail at two different addresses: 7397 Yellow Rose Court, Hughesville, MD 20637, and 13375 Chesapeake Street, Suite 205, La Plata, MD 20646 (a potential business location obtained by Plaintiffs' counsel), respectively.  Neither of these mailings were returned undeliverable.

Separately, on January 9, 2026, Plaintiffs filed a Motion for Entry of Partial Default Judgment as to Count I of the complaint, seeking an injunction to compel a payroll audit before proceeding with the damages claims.  (ECF No. 13).  That same date, Plaintiffs served their motion via electronic and first-class mail to Modern Accent Walls, L.L.C. at 9375 Chesapeake Street.  (ECF No. 13-5).  On February 20, 2026, Plaintiffs remailed their Motion for Entry of Partial Default Judgment to Mr. McPhail at 7397 Yellow Rose

Court.  (ECF No. 14).  On March 26, 2026, Plaintiffs remailed the Motion for Entry of Partial Default Judgment to Mr. McPhail at 13375 Chesapeake Street.  (ECF No. 16).  Defendant has not responded.

## II.  Standard of Review

Default judgment is "appropriate when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).  If the plaintiff's claim is not for a sum that can be "made certain by computation," it must "apply to the court for default judgment." Fed.R.Civ.P. 55(b).

By its default, a defendant admits to the plaintiff's well-pleaded factual allegations as to liability.  *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Hou. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).  The *Iqbal/Twombly* pleading standard must therefore be applied to "consider whether the unchallenged factual allegations constitute a legitimate cause of action."  *Balt. Line Handling Co. v. Brophy*, 771 F.Supp.2d 531, 541, 544 (D.Md. 2005) (quoting 10A Wright & Miller's Federal Practice & Procedure § 2688 (3d ed. 1998)).

Where there is more than one claim of relief in an action, the court may "direct entry of a final judgment as to . . . fewer than all[] claims . . . only if the court expressly determines that there is no just reason for delay."  Fed.R.Civ.P. 54(b).

## III. Analysis

By virtue of the default entered against it, Defendant admits to Plaintiffs' well-pleaded allegations as to liability.  If the factual allegations presented by Plaintiffs present a plausible claim for relief in Count I, entry of partial default judgment is warranted.  Moreover, entry of *final* default judgment on Count I is appropriate if there is no just reason for delay.  Because Plaintiffs state a plausible claim to compel an audit, and there is no just reason for delay, Plaintiffs' motion for entry of final default judgment on Count I will be granted.

### A.   Partial Default Judgment

Plaintiffs' allegation that they possess a right to request an audit from Defendant is well supported by the relevant agreements, statute, and case law.  Under the Collective Bargaining Agreement signed by Defendant and the Council of Carpenters, Defendant was bound to the Trust Agreements governing Plaintiffs' plans.  (ECF No. 13-4, at 82).  Each Agreement included a clause requiring that employers submit to audits as requested by the plans.  (*Id.* at 9-10 § 4, 15 § 4, 20-21 § 4, 26 § 1, 32 § 7.4, 38

7

§ 2).  This right to conduct an audit is consistent with the duty ERISA imposes on plan fiduciaries "to furnish all participants with various documents informing them of their rights and obligations under the plan," *Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transport, Inc.*, 472 U.S. 559, 572 (1985) (citing 29 U.S.C. §§ 1021, 1022, 1024(b)), as well as the obligation ERISA imposes on employers "to maintain records on employees and to furnish to benefit plans the information needed for the plans' fulfillment of their reporting duties," *id.* at 573 (citing 29 U.S.C. § 1059).  Accordingly, Plaintiffs have a right to request and conduct an audit of Defendant.

Defendant has failed to participate in this litigation and has been found to be in default.  (ECF No. 10).  Therefore, Defendant has admitted that it has not responded to Plaintiffs' requests for an audit.  Its failure to submit to the requested audit is a violation of the Trust Agreements and the Collective Bargaining Agreement.  Because Defendant has failed to comply with Plaintiffs' audit request, Plaintiffs state a plausible claim for relief.

There being no alternative remedy, equitable relief is appropriate here.  Under ERISA, the court possesses the authority to award "equitable relief as the court deems appropriate."  29 U.S.C. § 1132(g)(2)(E).  It is appropriate to order Defendant to

8

comply with Plaintiffs' lawful request for an audit.  Plaintiffs may thereby learn if Defendant was making appropriate contributions to their Funds and take action to pursue Counts II and III if necessary.  *See, e.g.*, *Fanning v. Big Warrior Corp.*, 659 F.Supp.2d 182, 185 (D.D.C. 2009) (granting partial default judgment against the defendant to compel an audit so that the plaintiffs can determine damages owed on other counts).

**B.    Rule 54(b) Final Judgment**

Pursuant to Rule 54(b), Plaintiffs move for entry of final judgment on Count I.  Although they offer no analysis regarding the propriety of final judgment here, their motion will be granted because the relevant factors tilt decidedly in their favor.

Rule 54(b) permits entry of final judgment on fewer than all claims when the judgment is indeed final and there is "no just reason for delay."  Fed.R.Civ.P. 54(b); *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980).  A final judgment occurs where a decision is made "upon a cognizable claim for relief," and that decision is "an ultimate disposition of an individual claim in the course of a multiple claims action.'"  *Id.* at 7 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)).  The grant of partial default judgment is a final judgment; the only remaining question is whether there is no just reason for delay.

The United States Court of Appeals for the Fourth Circuit has listed the following factors to be considered in determining whether there is no just reason for delay:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335-36 (4th Cir. 1993) (quoting *Allis-Chalmers Corp. v. Phila. Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975)) (citing *Curtiss-Wright*, 446 U.S. at 8).  Rule 54(b) is the "exception rather than the norm," and final judgment should be granted sparingly to prevent "piecemeal appeals of a case."  *CapitalSource Fin., LLC v. Delco Oil, Inc.*, 608 F.Supp.2d 655, 668 (D.Md. 2009) (quoting *Braswell Shipyards*, 2 F.3d at 1335).

Final judgment is appropriate in this case because the *Braswell* factors indicate that there is no just reason for delay. First, the relationship between the adjudicated claim (Plaintiffs' right to conduct an audit) and the unadjudicated claims (Defendant's potential liability for unpaid contributions to the Funds) weighs in favor of final judgment.  Plaintiffs must conduct

an audit before the merits of their other claims can be determined. Second, the possibility that the need for review might be mooted by future developments in the case in this court is low, weighing in favor of final judgment.  Plaintiffs' remaining claims depend on the results of the audit but will not undercut their right to the audit.  Third, the reviewing court would not be obliged to consider this issue a second time, weighing in favor of final judgment.  Again, whether Defendant is ultimately liable for delinquent contributions does not affect Plaintiffs' right to an audit.  Fourth, the fact that "[t]here are no counterclaims which would result in a set-off against the judgment" also supports entry of final judgment.  *Bobb v. FinePoints Priv. Duty Healthcare, LLC*, 794 F.Supp.3d 343, 363 (D.Md. 2025).  Fifth, no miscellaneous factor weighs against entry of final judgment.  Because there is no just reason for delay, final judgment under Rule 54(b) is appropriate.

## IV.  Conclusion

For the foregoing reasons, Plaintiffs' motion for entry of partial default judgment and final judgment will be granted, and Defendant will be ordered to submit to an audit of its wage and payroll records.  A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

11